NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ROBERT CRUZ, | No. 15-73811 |
| Petitioner, | Agency No. A095-747-476 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2019**
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and ANELLO,*** District
Judge.

Carlos Robert Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeal's order dismissing his appeal from an

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

immigration judge's decision finding him ineligible for withholding of removal and denying relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's determination that a petitioner's past conviction constituted a "particularly serious crime" rendering him ineligible for withholding of removal. *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014). We review for substantial evidence the denial of CAT relief. *Id.* at 1127. We deny the petition for review.

**1.** The agency did not abuse its discretion in concluding that, under the circumstances here, Cruz's conviction for carrying a loaded stolen firearm in public under California Penal Code § 12031(a)(1) with an enhancement for street gang activity pursuant to California Penal Code § 186.22(a) was a particularly serious crime, rendering him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Konou*, 750 F.3d at 1126–27 (listing factors to consider in determining whether a crime is particularly serious and finding no abuse of discretion in that determination); *see also Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) ("[N]o Ninth Circuit decision [holds that the BIA can make the 'particularly serious crime' determination based solely on the elements of the offense] and our considered analysis of the statute at issue compels a contrary conclusion."). Because the particularly serious crime determination is dispositive, we do not, and the BIA was not required to, address Cruz's other contentions

regarding eligibility for withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**2.**     Substantial evidence supports the agency's denial of protection under CAT, where the evidence shows only the general possibility of torture, and not a likelihood that Cruz will be targeted for harm. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (stating that general reports indicating torture occurs in a petitioner's home country do not compel conclusion a particular petitioner will be targeted); *see also Arbid v. Holder*, 700 F.3d 379, 385–86 (9th Cir. 2012) (recognizing that to reverse the agency's factual findings when reviewing for substantial evidence, the record must compel a contrary conclusion).

**PETITION FOR REVIEW DENIED.**

15-73811